IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>       *Plaintiff*, )<br>)<br>v. )<br>)<br>SHANE K. JAMESON, )<br>)<br>       *Defendant*. )<br>_____) | Case No. 10-10001-EFM |

MEMORANDUM AND ORDER

Defendant has filed a handwritten motion entitled "Motion to Correct Mittiums"[1] in which he moves "this most Sedrick[2] Court" for an order to correct his mittiums." Without repeating the details of Defendant's factual recitations, he in essence is claiming that he did not receive proper credit against his federal sentence for time served in state custody. Computation of credit for time served is done by the Federal Bureau of Prisons (BOP), but the Court requested both that the United States Probation office to look into this matter, and that the BOP provide a calculation of his federal time, with regard to his inquiry.

The Court has been informed that Defendant was transferred from the custody of Shawnee County, Kansas, to the custody of the United States Marshals Service, on March 10, 2010. Following his sentencing in federal court on September 7, 2010, to 51 months, he was

---

[1] The Court presumes that Defendant means "mittimus" which is defined as "a court order or warrant directing a jailer to detain a person until ordered otherwise." *Black's Law Dictionary*, 1024 (8th ed. 2004). *See also Biddle v. Shirley* 16 F.2d 566, 567 (8th Cir. 1926) ("The mittimus after conviction in criminal cases is a final process for carrying into effect the judgment of the court. . . . The prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence.").

[2] The Court here relies on Google, that most authoritative of sources, for its presumption of the meaning of this term. Google informs that Sedrick is a variant of the Old English name Cedrick, which means "kindly and loved."

returned to state custody where, on December 22, 2010, he received two sentences: 14 months on one case and 12 months on another. Both sentences were to run concurrent with each other, and with time on his federal sentence. He served time in a Kansas prison until February 4, 2011, and then began serving his federal time.

From reviewing the records in this case, it appears that all state time he served after his state sentence was treated as concurrent time with his federal sentence. Defendant's complaint is that he did not receive credit against his federal sentence for time in state custody prior to his state sentencing. Admittedly, for some of that "state custody" time, he was actually held by federal authorities, preparatory to his federal sentence, but he was so held on a writ from the state, and so that time is credited as state time, not federal. The Court has reviewed the calculation of his federal time, and finds that it comports with federal law and with the sentences he received in this case.

**IT IS ACCORDINGLY ORDERED** this 29th day of April, 2013, that Defendant's Motion to Correct Mittiums (Doc. 33) is hereby **DENIED**

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE